# EXHIBIT 2

Case 5:20-cv-01009-F   Document 1-2   Filed 10/05/20   Page 2 of 7

CJ-2020-3535

ANDREWS



IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| SAMUEL SPIKELL, | ) | FILED IN DISTRICT COURT |
| | ) | OKLAHOMA COUNTY |
| Plaintiff, | ) | |
| | ) | JUL 3 0 2020 |
| v. | ) Case No. | RICK WARREN |
| | ) | COURT CLERK |
| MICHAEL BUTHION and | ) | 50_____ |
| PASCAL BUTHION, | ) | |
| | ) | **CJ-2020-3535** |
| Defendant. | ) | |

## PETITION

Plaintiff, Samuel Spikell (hereinafter Plaintiff), for his cause of action against Defendants, Michael Buthion and Pascal Buthion (hereinafter Defendants), alleges and states as follows:

1. That Plaintiff, Samuel Spikell was a citizen and resident of Washington D.C. at the time of the incident hereinafter described.

2. That Defendant, Michael Buthion was a citizen and resident of Canadian County, State of Oklahoma at the time of the incident hereinafter described.

3. That Defendant, Pascal Buthion was a citizen and resident of Oklahoma County, State of Oklahoma at the time of the incident hereinafter described.

4. The incident that gave rise to this lawsuit occurred in Oklahoma City, Oklahoma County, State of Oklahoma.

5. This Court has subject matter jurisdiction and personal jurisdiction over the parties to this action.

6. Venue is properly laid in this matter pursuant to 12 O.S. § 134.

## STATEMENT OF FACTS

7. That on or about the 20th day of October 2019, Plaintiff, Samuel Spikell, was a guest at a friend's wedding at the Oklahoma City Golf & Country Club. Following the reception, Plaintiff, along with other individuals, attended an afterparty at the Renaissance Waterford Oklahoma City Hotel, located at 6300 Waterford Blvd., Oklahoma City, OK 73118.

8. Plaintiff was walking on the hotel grounds when all of a sudden, he was rushed from behind by a group of men he did not know and was physically struck repeatedly by Defendants.

9. Following the attack, there were statements made that the attack was unprovoked and unintended for Plaintiff, and that the attack was meant for another wedding guest, who also shared the same name as Plaintiff.

10. The significant impact from assault injured Plaintiff and caused damages to Plaintiff for which medical treatment was required.

11. At all times, Plaintiff was acting in a reasonable, safe and prudent manner.

## COUNT ONE
## (NEGLIGENCE)

12. Plaintiff hereby incorporates paragraphs One (1) through Nine (9) as if fully restated herein.

13. Plaintiff's injuries were due to Defendants' negligence in mistaking him for another person and attacking him unprovoked. Defendants' sole negligence led to the incident which caused bodily injury and harm to Plaintiff.

14. Plaintiff suffered personal injuries and damages as a result of Defendants' negligence.

15. The conduct of Defendant was in reckless disregard for the rights and safety of others, including but not limited to Plaintiff.

## COUNT TWO
## (ASSAULT)

16. Plaintiff incorporates paragraphs One (1) through Thirteen (13) as though set forth in full herein.

17. Plaintiff was minding his minding his own business when he was attacked by Defendants.

18. Defendants acted with the intent of making harmful contact with Plaintiff.

19. Plaintiff was placed in apprehension of an immediate harmful contact by Defendants' conduct.

20. The assault on Pliantiff by Defendants caused Plaintiff to suffer severe physical and emotional damages.

## COUNTY THREE
## (BATTERY)

21. Plaintiff incorporates paragraphs One (1) through Eighteen (18) as though set forth in full herein.

22. Defendants, without Plaintiff's consent, acted with the intent of making a harmful and offensive contact with Plaintiff and with the intent of putting Plaintiff in imminent apprehension of harmful and offensive conduct.

23. Defendants maliciously and intentionally struck Plaintiff without cause or justification.

24. Plaintiff suffered serious physical injury, mental anguish, emotional stress, and trauma as a result of Defendants' conduct.

## COUNTY FOUR
## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

25. Plaintiff incorporates paragraphs One (1) through Twenty-two (22) as though set forth in full herein.

26. The actions of Defendants in the setting in which they occurred were so extreme and outrageous as to go beyond all possible bounds of decency and would be considered atrocious and utterly intolerable in a civilized society.

27. Defendants intentionally and recklessly caused severe emotional distress to Plaintiff beyond that which a reasonable person could expect to endure.

28. Plaintiff suffered injuries, loss and damages as a result of Defendants' intentional infliction of emotional distress.

## DAMAGES

29. Plaintiff incorporates paragraphs One (1) through Twenty-six (26) as though set forth in full herein.

30. Prior to this incident, Plaintiff was in good health with a normal life expectancy, but as a direct and proximate result of Defendants' actions Plaintiff has sustained damages for which he is entitled to recover.

31. That Plaintiff was acting in a reasonable and prudent manner and did not cause or contribute to the incident complained of herein in any way whatsoever.

32. Pursuant to the provisions of 12 O.S. § 3226(B)(2), Plaintiff submits this preliminary computation of damages sought in this lawsuit. As this is an action for injuries suffered by an adult, Plaintiff advises that all damages recoverable by law are sought, including those listed in OUJI 2d 4.1. Under item (K), Plaintiff's medical bills incurred to date are approximately $25,000.00, which

amount is subject to increase. At this point, Plaintiff does not know the amount of future medical expenses. These items are among the elements for the jury to consider in fixing the amount of damages to award Plaintiff. Other than the amounts which Plaintiff has specifically identified, and which are capable of being ascertained to some degree of certainty, Plaintiff is unable to guess or speculate as to what amount of damages a jury might award. The elements for the jury to consider include the following:

      A.    Plaintiff's physical pain and suffering, past and future;
      B.    Plaintiff's mental pain and suffering, past and future;
      C.    Plaintiff's age;
      D.    Plaintiff's physical condition immediately before and after the accident;
      E.    The nature and extent of Plaintiff's injuries;
      F.    Whether the injuries are permanent;
      G.    The physical impairment
      H.    The disfigurement;
      I.    Loss of [earning/time];
      J.    Impairment of earning capacity;
      K.    The reasonable expenses of the necessary medical care, treatment and services, past and future.

33. The all damages and injuries suffered by Plaintiff were directly and proximately caused by the negligent actions of Defendants.

## PUNITIVE DAMAGES

34. Plaintiff incorporates paragraphs One (1) through Thirty-one (31) as though set forth in full herein.

35. Defendants' conduct described herein was reckless, intentional and with malice.

36. In addition to actual damages, Defendants are liable for punitive damages based on their conduct.

WHEREFORE, Plaintiff, Samuel Spikell, prays for judgment against the Defendants, Michael Buthion and Pascal Buthion, in a sum in excess of the amount required for diversity jurisdiction under 28 USC 1332 (currently $75,000.00) plus interest, costs, fees, punitive damages, and all such other and further relief as to which Plaintiff may be entitled.

Respectfully submitted,

WARHAWK LEGAL

*/s/ Laura Neal*

Laura Neal, OBA#31874
127 N.W. 10th St.
Oklahoma City, OK 73103
Telephone: (405) 397-1717
Facsimile: (405) 241-5222
E-mail: laura@warhawklegal.com
*Attorney for Plaintiff*

**ATTORNEY LIEN CLAIMED**